UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYNIKA WALKER, ESSIE LEE TOLER INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILD, ENAJAH TOLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-4292** |
| **HARRY J. PERSCHE, WILLIAM K. FALLIN, OCCIDENTAL INSURANCE AGENCY, AND METLIFE INSURANCE AGENCY** | **SECTION "K"(4)** |

## ORDER AND OPINION

Before the Court is the "Motion to Remand" filed on behalf of plaintiffs Lynika Walker and Essie Lee Toler, individually and on behalf of the minor child, Enajah Toler (Doc. 6). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion to remand.

BACKGROUND

Plaintiffs filed suit in Civil District Court for the Parish of Orleans against Harry J. Persche, William K. Fallin, Occidental Insurance Company, and Metlife Insurance Agency, for injuries sustained by them during an automobile accident when a vehicle allegedly owned by William K. Fallin and operated by Harry Persche struck the vehicle occupied by plaintiffs. The petition alleges that "your petitioners were caused to sustain severe bodily injuries, including but not limited to severe bodily injury, extreme pain and suffering and possible loss wage claims." Doc. 6-3, p. 2. The petition does not contain a specific allegation concerning the amount of damages sustained by plaintiffs.

Plaintiffs served defendant William K. Fallin on August 20, 2010.  On November 20, 2010, defendants William K. Fallin  and Occidental Fire and Casualty Company of North Carolina removed the suit to this court alleging diversity jurisdiction.  Plaintiffs seek a remand of the suit to state court contending that because defendants removed the suit more than thirty (30) days after plaintiffs served Mr. Fallin, that removal was untimely pursuant to 28 U.S.C. §1446(b) and therefore the suit must be remanded to state court.  Plaintiffs allege that their initial pleading contained "sufficient facts to suggest the action may be eligible for removal to federal court based on diversity jurisdiction."  Doc. 6-1, p.1.

    Title 28 U.S.C. §1446(b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, thorough service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . ...

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,  order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . ..

Thus, §1446(b), read as a whole,

> provides a two-step for determining whether a defendant timely removed a case.  The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant; and the second paragraph provides, if the case stated by the initial pleading is not removable, then notice of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable.

*Chapman v. Powermatic, Inc.*, 969 F.3d 160, 161(5th Cir. 1992).

The first paragraph of §1446(b) which requires that removal occur within thirty days of the defendant's receipt of the initial pleading applies only when the petition "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal courts." *Id*. at 163.  Here plaintiffs' petition does not allege any quantum of damages. Because the petition does not affirmatively reveal that plaintiff is seeking damages in excess of the requisite jurisdictional amount for diversity jurisdiction, the first paragraph of §1446(b) does not determine the timeliness of defendant's removal of the suit.

Here, the second paragraph of §1446(b) determines the timeliness of defendant's removal. Defendant William K. Fallin tendered Requests for Admissions to Lynika Walker, including a request that plaintiff "[a]dmit or deny that the amount of damages sought on behalf of petitioner, Lynika Walker, exclusive of interests and costs, is less than $50,000."  Doc. 8-1, Exhibit B. Defendant also propounded an identical request for admission to Essie Lee Toler concerning the amount of damages sought on his behalf.  Each plaintiff denied the request for admission addressed to their claim.  Plaintiffs do not dispute that counsel for defendant received plaintiffs' responses to the requests for admission on October 18, 2010.  Nor do plaintiffs dispute that on October 20, 2010, their counsel forwarded to defense counsel medical reports concerning the injuries sustained by Ms. Walker and Mr. Toler.  Because defendants filed the notice of removal within thirty days of receiving "other paper from which it may first be ascertained that the case is one which is or has become removable," i.e., the responses to the requests for admissions and the medical reports, removal was

executed timely.  Therefore, the Court denies plaintiffs' motion to remand.

New Orleans, Louisiana, this 8th day of February, 2011.

                                 STANWOOD R. DUVAL, JR.
                                 UNITED STATES DISTRICT JUDGE