UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


LYNIKA WALKER                                              CIVIL ACTION

VERSUS                                                     NO. 10-4292

AMERICAN NATIONAL PROPERTY                                 SECTION "K"(4)
CASUALTY COMPANY

## ORDER AND OPINION

Before the Court are the "Motion for Partial Summary Judgment" filed on behalf of plaintiffs Lynika Walker and Essie Lee Toler, individually and on behalf of the minor child Enajah Toler (Doc. 27) and the "Motion for Summary Judgment" filed on behalf of defendants Harry Persche, William K. Fallin, and their insurer Occidental Fire and Casualty Company of North Carolina (Doc. 36), and the "Motion for Partial Summary Judgment" filed on behalf of defendant Metropolitan Group Property & Casualty Insurance Company (Doc. 40). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES each of these motions.

BACKGROUND

This case arises from a traffic accident that occurred between a Ford Windstar van driven by Essie Lee Toler eastbound on Interstate 10 ("I-10") near the North Claiborne exit ramp and an eighteen wheeler driven by Harry Persche, while in the course and scope of his employment with William K. Fallin. The eighteen wheeler driven by Mr. Persche struck from the rear the vehicle driven by Mr. Toler. Lynika Walker and her minor child Enajah Toler were passengers in Mr. Toler's vehicle at the time of the accident. At the scene of the accident the New Orleans Police Department completed an accident report, and Mr. Persche received a ticket for following too closely in violation of La. Rev. Stat. 32:81.

Lynika Walker and Essie Lee Toler, individually and on behalf of the minor child Enajah Toler filed suit against Harry Persche, William K. Fallin, Occidental Fire and Casualty Company of North America, the insurer of the vehicle being operated by Mr. Persche, and Metropolitan Group Property & Casualty Insurance Company, an alleged insurer of Ms. Walker (collectively "defendants"). The parties have filed cross motions for summary judgment on the issue of liability. The parties agree that Essie Toler entered I-10 via the Tchoupitoulas on-ramp and moved to the center lane of I-10 behind the truck driven by Mr. Persche. However, the facts relayed by the parties diverge after that point. Defendants urge that Mr. Toler then moved to the left hand lane, passed Mr. Persche's vehicle, moved back into the center lane, and then, almost immediately thereafter, braked hard because he thought that an eighteen wheeler to his right was moving into the center lane. Defendants assert that Mr. Toler's various lane changes an his unexpected hard braking resulted in Mr. Persche being suddenly confronted with unanticipated hazards that could not reasonably be avoided, thereby triggering the application of the sudden emergency doctrine and entitling defendants to summary judgment with respect to liability based on Mr. Persche's negligence. Plaintiffs, on the other hand urge that Mr. Toler safely changed lanes from the left lane to the center lane placing him ahead of Mr. Persche's truck. They further urge that Mr. Persche's "semi-trailer traveled behind the plaintiff's vehicle for a sufficient period of time and that Mr. Toler maintained a safe distance in front of the tractor trailer prior to impact." Doc. 27m p.2 Plaintiffs further assert that at the Claiborne Avenue entrance ramp to I-10 another eighteen wheeler[1]

---

[1] No one has been able to identify the owner/operator or driver of the eighteen wheeler alleged to have been encroaching on the center lane. That vehicle was not involved in the accident and continued east bound on I-10 after the eighteen wheeler driven by Mr. Persche hit the rear of Mr. Toler's vehicle.

attempted to enter the center lane which caused Mr. Toler to have to slow down to avoid impact with the second truck, and that because Mr. Persche was following too closely and was otherwise negligent, his vehicle struck the rear of Mr. Toler's vehicle.

SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).
Material facts are those are those that "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at

248, 106 S.Ct. at 2010. Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

## LAW AND ANALYSIS

Under Louisiana law, "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." La. Rev. Stat. 32:81A. It is well established that "a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. Ann. 32:81, and hence is presumed negligent." *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987). However, the sudden emergency doctrine provides:

> [A]n exception to the general rule that a following motorist is presumed negligent if he collides with the rear of a leading vehicle. This doctrine provides that a following motorist will be adjudged free from fault if the following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle, which could not be reasonably avoided, unless the emergency is brought about by his own negligence.

*Ly v. State Through the Dept. of Public Safety and Corrections*, 633 So.2d 197, 201 (La. App. 1st Cir. 1993).

As noted herein above, defendants assert that because the sudden emergency doctrine applies

4

and therefore, Mr. Persche cannot be found negligent, thereby entitling defendants to summary judgment with respect to the claims based on the negligence of Mr. Persche. Plaintiffs on the other hand urge that they are entitled to summary judgment on the issue of liability because the sudden emergency doctrine is inapplicable and Mr. Persche, the following driver, was negligent in colliding with the rear of Mr. Toler's vehicle.

A number of material facts must be considered in analyzing whether the sudden emergency doctrine applies and whose negligence proximately caused the accident. Some of those material facts are 1) the length of time that Mr. Toler had been the lead vehicle when he applied the brakes, 2) the distance between the two vehicles prior to the accident, 3) the speed of the vehicles prior to the accident, 4) the manner in which Mr. Toler braked his vehicle, 5) the traffic conditions immediately prior to and at the time of the accident, and 6) the manner in which Mr. Toler changed lanes. Review of the materials submitted in connection with the pending motions indicates that there are a number of genuine issues material fact that preclude the granting either motion. Mr. Toler stated in his deposition that he was going 60 miles per hour before he applied his brakes and that after braking he slowed down to 20 or 30 miles per hour. Doc. 36-4, Depo. of Essie Toler, pgs. 66-67. Mr. Persche however testified that he was traveling 40 miles per hour before the accident and he thought that Mr. Toler was going 35 - 40 miles per hour before the accident. Doc. 36-3, Depo. of Harry Persche, pgs. 24, 27. Mr. Persche described traffic conditions as rush hour with "cars almost bumper to bumper"; Mr. Toler however stated that "[e]verything was steady moving because it was just picking up." Id. at p. 20. Doc. 36-4, Depo. of Essie Toler, p. 73. Lynika Walker stated in her deposition that Mr. Toler "did not slam the brake" but rather "he just slowing down, just like you slow down and be calm." Doc. 36-2, Depo. of Lynika Walker, p. 39. Harry Persche

5

offered a different description in his deposition. He opined that Mr. Toler "just slammed on his brakes" and that "almost immediately" after Mr. Toler changed lanes he started braking. Doc. 36-3, Depo. of Harry Persche, pgs. 14, 21, 30. That testimony is inconsistent with Mr. Toler's deposition in which he stated that he did not change lanes just prior to the accident and that he had been the center lane for "about half a mile or a mile" before the accident. Doc. 36-4, Depo. of Essie Toler, p. 118.

As noted above, there are numerous inconsistencies in the prior testimony of Ms. Walker, Mr. Toler, and Mr. Persche. Construing the facts in the light most favorable to the non-moving party, as the Court is required to do, the Court concludes that there are genuine issues of material fact with respect to the issues of liability and the application of the sudden emergency doctrine. Therefore, the Court denies all of the motions.

New Orleans, Louisiana, this 9th day of January, 2012.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE